1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**SOUTHERN DISTRICT OF CALIFORNIA**

10
11
12

GREGORY ALAN MONTEGNA; CASE BARNETT, individually and on behalf of all others similarly situated,

CASE NO. 12CV647 WQH(NLS)

ORDER

13

Plaintiffs,

vs.

14

YODLE, INC.,

15

Defendant.

16
17

HAYES, Judge:

18

The matter before the Court is the Motion to Dismiss the First Amended Complaint filed

19

by Defendant Yodle, Inc. (ECF No. 9).

20

**I.    Background**

21

On March 15, 2012, 2012, Plaintiff Gregory Alan Montegna initiated this action by

22

filing a Complaint against Defendant Yodle, Inc. (ECF No. 1). On May 22, 2012, Plaintiffs

23

Montegna and Case Barnett filed a First Amended Complaint. (ECF No. 6).

24

On June 8, 2012, Defendant filed a Motion to Dismiss the First Amended Complaint.

25

(ECF Nos. 9-11). On July 2, 2012, Plaintiffs filed an opposition. (ECF Nos. 15-16). On July

26

9, 2012, Defendant filed a reply. (ECF Nos. 18-19).

27

**II.    Allegations of the First Amended Complaint**

28

On   March   8,   2012,   "at   approximately   12:50pm,   Montegna   had   telephone

communications with certain employees, officers and/or agents of Defendant by the name of David Drew that were initiated by said individual as employee, officer and/or agents of Defendant." (ECF No. 6 at ¶ 9). "This conversation with Montegna was, without Montegna knowledge or consent, recorded, monitored, and/or eavesdropped upon by Defendant, causing harm and damage to Montegna." *Id*. "This call was a confidential communication and at no time during this call did Montegna give his consent for the telephone call to be monitored, recorded and/or eavesdropped upon." *Id*. at ¶ 10.

From May through October 2011, "Barnett had telephone communications with certain employees, officers and/or agents of Defendant." *Id*. at ¶ 11. "[A]pproximately twelve different calls were made to Barnett, and each of them was recorded, monitored, and/or eavesdropped without Barnett's knowledge or consent." *Id*. "Barnett was unaware that the conversations were being recorded until ... Barnett asked whether the conversation were being recorded." *Id*. "The calls between Defendant and Barnett were of a confidential communication and at no time during these calls did Barnett give his consent for the telephone call to be monitored, recorded and/or eavesdropped upon." *Id*. at ¶ 12.

Plaintiffs seek to represent a class comprised of "[a]ll persons in California whose inbound and outbound telephone conversations were monitored, recorded, eavesdropped upon and/or wiretapped without their consent by Defendant within the four years prior to the filing of the original Complaint in this action." *Id*. at ¶ 18.

Plaintiffs assert claims for: (1) invasion of privacy in violation of California Penal Code section 630 et seq.; (2) common law invasion of privacy; and (3) negligence.

**III.   Discussion**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica*

1    *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2         To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint

3    "does not need detailed factual allegations" but the "[f]actual allegations must be enough to

4    raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

5    555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

6    requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

7    of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to

8    dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*,

9    556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that

10   are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell*

11   *v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to

12   survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences

13   from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."

14   *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

15       **A.    Claim One: Invasion of Privacy in Violation of California Penal Code
             section 630 et seq.**

16           **Claim Two: Common Law Invasion of Privacy**

17       Defendant contends that the First Amended Complaint fails to allege any facts regarding

18   the content, substance, or circumstances surrounding the calls. Defendant contends that the

19   First Amended Complaint fails to allege sufficient facts to show that the conversations which

20   were allegedly recorded were confidential communications, which is required to show an

21   invasion of privacy pursuant to California Penal Code section 630 et seq. Defendant contends

22   that the First Amended Complaint fails to allege sufficient facts to show that Defendant

23   intruded upon a zone of privacy in a manner that was highly offensive, which is required to

24   show common law invasion of privacy.

25       Plaintiffs contend that the calls were confidential communications. Plaintiffs contend

26   that "[i]n order for Plaintiffs to show that the nature of the recorded call involved confidential

27   information ..., Plaintiffs will need to introduce extrinsic evidence [which is] ... premature at

28   this stage due to the standard for a motion to dismiss." (ECF No. 15 at 28). Plaintiffs also

contend that they "will need to introduce extrinsic evidence to [show] that [the recording of the calls] was highly offensive [which is] ... not allowed under the standard for motion to dismiss." *Id.* at 29.

California Penal Code section 632 provides:

> Every person who, intentionally and without the consent of all parties to a confidential communication, by means of any electronic amplifying or recording device, eavesdrops upon or records the confidential communication, whether the communication is carried on among the parties in the presence of one another or by means of a telegraph, telephone, or other device, except a radio, shall be punished by a fine ....

Cal. Penal Code § 632(a). California Penal Code section 632 defines a confidential communication as "includ[ing] any communication carried on in circumstances as may reasonably indicate that any party to the communication desires it to be confined to the parties thereto, but excludes ... [any] circumstance in which the parties to the communication may reasonably expect that the communication may be overheard or recorded." Cal. Penal Code § 632(c).

"The elements of a claim for invasion of privacy are: (1) plaintiff had a reasonable expectation of privacy in a certain circumstance, (2) defendant intentionally intruded into that circumstance, (3) defendant's intrusion would be highly offensive to a reasonable person, (4) plaintiff was harmed, and (5) defendant's conduct was a substantial factor in causing plaintiff's harm." *Hurrey-Mayer v. Wells Fargo Home Mortg., Inc.*, Case No. 09cv1470 DMS (NLS), 2009 WL 3647632 at *3 (S.D. Cal. Nov. 4, 2009) (citation omitted). "A court determining the existence of 'offensiveness' would consider the degree of intrusion, the context, conduct and circumstances surrounding the intrusion as well as the intruder's motives and objectives, the setting into which he intrudes, and the expectations of those whose privacy is invaded." *Miller v. Nat'l Broad. Co.*, 187 Cal. App. 3d 1463, 1483-84 (Cal. Ct. App. 1986).

Plaintiffs allege that the calls which were recorded were "confidential communication[s]." (ECF No. 6 at ¶¶ 10, 12). Plaintiffs allege: "The intrusion through the unauthorized eavesdropping, wiretapping, recording, and listening of the telephone conversations with Plaintiff and the members of The Class and the negligently maintaining of

the confidentiality of the information of Plaintiffs and The Class, was offensive and objectionable to Plaintiffs, the Class, and to a reasonable person of ordinary sensibilities." *Id.* at ¶ 40.

Plaintiffs have also failed to allege any facts regarding Plaintiffs' relationship with Defendant.  Plaintiffs have failed to allege any facts regarding the circumstances surrounding the calls.  Plaintiffs have failed to allege any facts  regarding the content or nature of the calls. Plaintiffs have made the conclusory statement that the calls were confidential communications, but Plaintiffs have failed to allege sufficient facts to show that the calls were carried on in circumstances that reasonably indicate that Plaintiffs desired the communications to be confined to the parties.  Plaintiffs have made the conclusory statement that intrusion was offensive and objectionable, but Plaintiffs have failed to allege sufficient facts to show that the alleged intrusion would be highly offensive to a reasonable person.  The Motion to Dismiss claims one and two for invasion of privacy in violation of California Penal Code section 630 et seq. and common law invasion of privacy is GRANTED.[1]

**B.    Negligence**

Defendant contends that the First Amended Complaint generally alleges that Defendant has violated "various statutory and common law duties."   However, the allegations are insufficient to notify Defendants regarding which duties were allegedly violated.

Plaintiffs contend that the First Amended Complaint alleges that "Yodle has various statutory and common law duties [and, i]n order to allege a specific duty, Plaintiffs need to introduce extrinsic evidence [which is] ... not allow[ed]."  (ECF No. 15 at 29-20).

"The elements of a cause of action for negligence are: duty; breach of duty; legal cause; and damages."  *Friedman v. Merck & Co.*, 107 Cal. App.4th 454, 463 (Cal. App. 2003) (citations omitted).

With regard to the negligence claim, Plaintiffs allege that "Defendant ... has various

---

[1] Defendant also contends that application of California Penal Code section 630 et seq. is per se invalid under the Commerce Clause of the Constitution.  The Court has not addressed this argument because the Court has found that the First Amended Complaint does not state a claim for violation of California Penal Code section 630 et seq.

statutory and common law duties not to engage in the aforementioned wire-tapping, eavesdropping, recording, and listening conduct such that Plaintiffs' and The Class' rights to privacy were invaded and breached." (ECF No. 6 at ¶ 46).

Plaintiffs has not identified the "various statutory and common law duties" that Defendant owes to Plaintiffs. Plaintiffs have failed to allege any facts in the First Amended Complaint to show that Defendant owed a duty to Plaintiffs. The Motion to Dismiss claim three for negligence is GRANTED.

**IV.    Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss the First Amended Complaint filed by Defendant Yodle, Inc. (ECF No. 9) is GRANTED. Plaintiffs may file a motion for leave to file a second amended complaint, accompanied by a proposed second amended complaint, within thirty days from the date of this order.

IT IS SO ORDERED.

DATED: July 27, 2012

WILLIAM Q. HAYES
United States District Judge